IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SAN JUAN BAUTISTA MEDICAL CENTER,

    Plaintiff,

    v.

HERMANDAD DE EMPLEADOS DE LA
SALUD Y OTRAS AGENCIAS,

    Defendant.

CIVIL NO. 09-2249 (CVR)

**OPINION AND ORDER**

On December 16, 2009, plaintiff, San Juan Bautista Medical Center, Inc. (hereafter "Medical Center") filed a verified complaint against defendant Hermandad Empleados de la Salud y Otras Agencias (hereafter "Hermandad") for temporary, preliminary and permanent injunction. (Docket No. 1). The parties consented to jurisdiction by a United States Magistrate Judge.

On March 1, 2010, after several settlement conferences were held, plaintiff Medical Center agreed to withdraw the preliminary injunction and to continue the case for which deadlines were agreed upon between the parties. (Docket No. 34).

On March 25, 2010, defendant Hermandad filed its answer to the complaint including a counterclaim therein against plaintiff for payment of overtime and Christmas bonus due to the Union's members, as well as Union's members fees. (Docket Nos. 35).

On April 13, 2010, plaintiff Medical Center requested dismissal of the counterclaim filed by Hermandad. To this date the request for dismissal remains unopposed. (Docket No. 36).

<u>San Juan Bautista Medical Center v. Hermandad de Empleados de la Salud</u>
Civil No. 09-2249(CVR)
Opinion and Order
Page No. 2

---

Succinctly, it is plaintiff Medical Center's contention the request for payment of overtime to employees is one to be individually asserted by each employee and not by Hermandad as their representative, more so since the employees had not filed a notice of consent for such action with the Court. *See* Title 29, <u>United States Code</u>, Section 216 (b). In its pertinent provision it states:

> ... An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. *No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought...* (emphasis supplied).

The record clearly shows there is no such consent in writing by the individual employees as plaintiffs in this case. Thus, plaintiff Medical Center's proposition that the defendant lacks standing to represent the employees upon lack of consent in writing is well taken.

Insofar as the remaining claims by the Union, these should be pursued under the collective bargaining agreement in force between the parties and is to be subject to grievance and arbitration therein established. Likewise as to claims for unpaid expenses, Christmas bonus, holiday pay and by Union's members fees. Plaintiff Medical Center submits the collective bargaining agreement between the parties provides for an arbitration clause for which any such claims are to be subject of the grievances proceedings therein established, not under the counterclaim filed by Hermandad. As to payment of the

San Juan Bautista Medical Center v. Hermandad de Empleados de la Salud
Civil No. 09-2249(CVR)
Opinion and Order
Page No. 3

---

Christmas bonus, the National Labor Relations Board has already taken jurisdiction of the charge filed by defendant as being an unfair labor practice.

Defendant Hermandad has made no argument whatsoever to the contrary of the above contentions as to the existence of an arbitration requirement under the collective bargaining agreement nor has rebutted the allegation the National Labor Relations Board has pending the claim for payment of a Christmas bonus. In fact, defendant Hermandad has not filed a reply to plaintiff Medical Center's request for dismissal of the counterclaim.

The averments submitted by plaintiff Medical Center are proper and legally sound, unopposed by defendant Hermandad although duly notified of the filing of plaintiff's motion to dismiss, for which reason upon due consideration this United States Magistrate Judge orders dismissal of defendant Hermandad's counterclaim as requested.

Accordingly, plaintiff Medical Center's Motion to Dismiss defendant's counterclaim is hereby **GRANTED**. (Docket No. 36).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 18th day of May of 2010.

                                                    s/CAMILLE L. VELEZ-RIVE
                                                    CAMILLE L. VELEZ-RIVE
                                                    UNITED STATES MAGISTRATE JUDGE